# IN GENERAL TERM, 1873.

## DAVID MUNSON *v.* CORNELIUS MEINERS.

CONTRACT—*by wife.*

A contract entered into by the wife, for work, and material to be furnished, unauthorized by the husband, will be held to be ratified by him, if, with a full knowledge of all the facts, he gives no notice of disapproval, or otherwise seeks to absolve himself from liability within a reasonable time, by repudiating such act done without his authority.

NEWCOMB, J.—The plaintiff is a manufacturer and vender of lightning rods, and one Gardner was, in May last, his traveling agent for the sale of the same.

This suit was brought to recover the value of a liberal quantity of lightning rods, with which the defendant's residence was embellished by Gardner. His professional adroitness in the transaction is detailed by Gardner, in a manner so bland and artless, that we cannot improve his statement by condensation, and therefore copy his testimony in full from the bill of exceptions.

He says : " I was working for the plaintiff in May last, putting up lightning rods. While passing the house of defendant, his wife called me in, and told me to fix the lightning rod on the house, that it was broken. I examined the old rods, and told her that they could not be fixed, but that I could put on new ones. She asked me what it would cost. *I told her I did not know.* She said fix it right and safe. I

then put on 200 feet of new rods. *It was worth* $75. Do not know Mr. Meiner's—never saw him."

Cross-examination.—" Can't tell how much old rod there was. I put the new *all over the house, and back on the sheds.* There were only two points to the old rod—there were five points to the new. She asked me how much it would cost, but I did not even intimate whether it would cost $5 or $100. Gave her no idea what it would cost. I don't know what I did with the old rod ; we generally take them away ; they are not worth anything."

The defendant testified that his wife had been an invalid for years, and that she was not, and had not been, his agent for the transaction of any business whatever; that he was absent when the lightning rods were put up, and that on his return, about three weeks afterward, he was displeased because they were there, and so told his wife ; that she said they would not tell her what it would cost, and that she had $10 in the house out of which she expected to pay the bill ; that if she had known it would cost more, she would not have had the work done. The defendant further testified that he never interferred with the rods ; that he did not notify Munson that he was dissatisfied with the act of his wife, or have any communication with him touching the lightning rods.

There can be no doubt, from the testimony of Gardner himself, that he purposely concealed from the defendant's wife the cost of putting up the new rods, by the false statement that he did not know what they would cost; and that he used a much larger quantity of material than was on the building before, and larger than he was authorized to by the order he received ; but under the facts as they appear in the bill of exceptions, we cannot relieve the defendant from the judgment rendered against him at Special Term. He might have absolved himself from liability by repudiating the unau-

thorized act of his wife, and notifying the plaintiff to remove the rods. Instead of doing this, he remained silent for more than two months after all the facts in the case came to his knowledge, although both he, and the plaintiff resided in this city ; and there is no evidence that he gave any notice of dissatisfaction until after he was sued for the value of the lightning rods.

The defendant must, therefore, be held to have ratified what his wife had done without his authority, and also the acts of Gardner in excess of the wife's order; consequently the motion for a new trial was properly overruled.

On the trial the plaintiff was permitted by the Court to amend his complaint by striking out the words, " his special instance and request," and inserting the words, " the request of defendant's wife, and that the defendant ratified and affirmed the same," so that instead of avering a request from the defendant himself to furnish the rods, the complaint charged a request by defendant's wife and a ratification of her act by him. To this amendment the defendant excepted, and assigns its allowance as error. In legal effect there was no essential difference in the averments. The complaint was neither better nor worse for the amendment, and no injury accrued to the defendant in consequence of it.

The judgment at Special Term is affirmed, at the cost of the appellant.